UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER CHARLES
RUBEN KING, #982476,

    Petitioner,                                       Civil Action No. 19-CV-12128

vs.                                                    HON. BERNARD A. FRIEDMAN

WILLIS CHAPMAN,

    Respondent.
_____/

**ORDER AMENDING THE CAPTION, DIRECTING THE CLERK OF COURT
TO SERVE THE PETITION ON THE STATE, AND DIRECTING THE STATE
TO FILE A RESPONSIVE PLEADING AND RELEVANT PORTIONS
OF THE STATE-COURT RECORD**

On July 18, 2019, petitioner filed a "Motion to Stay Proceeding and Hold Petition in Abeyance" (ECF No. 1). Petitioner did not enclose a habeas petition with his motion, but he indicated in his motion that he wanted to continue exhausting state-court remedies before presenting his claims to this court in a habeas corpus petition.

Petitioner failed to pay the filing fee for a habeas action when he filed his motion for a stay. He also failed to apply for permission to proceed in forma pauperis. Accordingly, on July 30, 2019, the Court ordered petitioner to pay the filing fee or to file an application to proceed in forma pauperis within twenty-one days of the date of the order (ECF No. 2). As of October 10, 2019, petitioner had neither paid the filing fee nor applied for permission to proceed in forma pauperis. The Court therefore dismissed the case without prejudice for failure to prosecute (ECF No. 4).

Petitioner then filed a motion for reconsideration and an application to proceed in forma pauperis (ECF Nos. 5 and 6). On December 9, 2019, the Court granted petitioner's

application to proceed in forma pauperis and his motion for reconsideration. In the same order, the Court re-opened this case and directed petitioner to file a habeas petition within thirty days of the date of the Court's order (ECF No. 7).

Petitioner subsequently filed a timely petition for a writ of habeas corpus, but the petition was treated as a new case and assigned to another judge in this district. *See King v. Warren*, No. 20-10037 (E.D. Mich. Jan. 7, 2020). The judge assigned to that case directed the Clerk of Court to docket the habeas petition in this case. The Clerk of Court then filed the habeas petition in this case (ECF No. 8).

Petitioner alleges in his habeas petition that he was convicted in Oakland County Circuit Court of second-degree murder, Mich. Comp. Laws § 750.317, second-degree arson, Mich. Comp. Laws § 750.73, and unlawfully driving away an automobile, Mich. Comp. Laws § 750.413. The Michigan Court of Appeals affirmed his convictions and sentence, *see People v. King*, No. 337186, 2018 WL 1308315 (Mich. Ct. App. Mar. 13, 2018), and on July 27, 2018, the Michigan Supreme Court denied leave to appeal. *See People v. King*, 502 Mich. 941; 915 N.W.2d 464 (2018).

On January 14, 2019, petitioner filed a motion for relief from judgment in the state trial court, and on May 16, 2019, the trial court denied that motion. Petitioner applied for leave to appeal, and on December 9, 2019, the Michigan Court of Appeals denied petitioner's application because petitioner had failed to establish that the trial court erred in denying his motion for relief from judgment. *See People v. King*, No. 350373 (Mich. Ct. App. Dec. 9, 2019).

On January 7, 2020, petitioner filed his habeas petition (ECF No. 8). His grounds for relief are (1) his murder conviction was not supported by sufficient evidence and (2) his trial

attorney was ineffective. Petitioner alleges that he raised his first claim on direct appeal of his convictions and that he raised his second claim in his motion for relief from judgment. He states that he did not pursue his second ground for relief beyond the Michigan Court of Appeals because this Court ordered him to file his petition within thirty days of the Court's order dated December 9, 2019.

Electronic records maintained by Michigan's appellate courts indicate that petitioner filed an application for leave to appeal in the Michigan Supreme Court on March 13, 2020, and that the application remains pending in that court. See https://courts.michigan.gov/opinions_orders (last visited May 4, 2020). The Michigan Supreme Court could decide petitioner's application for leave to appeal within the next six months and before a responsive pleading is due in this case. Accordingly,

IT IS ORDERED that, to the extent petitioner still wants a stay of this case, his request for a stay is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall serve a copy of this order and the habeas petition (ECF No. 8) on petitioner's warden and on the Michigan Attorney General.

`           IT IS FURTHER ORDERED that the caption of this case is hereby amended to reflect the name of the warden who currently holds petitioner in custody (Willis Chapman).

IT IS FURTHER ORDERED that the State shall file a response to the habeas petition and the relevant portions of the state-court record within six months of the date of this order.

IT IS FURTHER ORDERED that petitioner shall have forty-five days from the date of the responsive pleading to file a reply.

                                                         s/Bernard A. Friedman  
                                                         Bernard A. Friedman  
Dated: May 7, 2020                    Senior United States District Judge  
      Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 7, 2020.

Christopher King #982476                    s/Johnetta M. Curry-Williams  
Macomb Correctional Facility               Case Manager  
34625 26 Mile Road  
New Haven, MI 48048